UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| PATRICIA B. BAUM, Individually and on Behalf of All Others Similarly Situated, | ) ) ) | No. 3:17-cv-00246-RNC |
| | ) | |
| Plaintiff, | ) ) | CLASS ACTION |
| | ) | |
| vs. | ) ) | ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE |
| HARMAN INTERNATIONAL INDUSTRIES, INCORPORATED, et al., | ) ) ) | |
| | ) | |
| Defendants. | ) ) | |

WHEREAS, an action pending before this Court is styled *Baum v. Harman Int'l Indus., Inc., et al.*, No. 3:17-cv-00246-RNC (the "Litigation").

WHEREAS, Lead Plaintiff Patricia B. Baum ("Lead Plaintiff") has made an unopposed motion, pursuant to Federal Rule of Civil Procedure 23(e) and the Private Securities Litigation Reform Act of 1995 ("PSLRA"), for an order preliminarily approving the Settlement of this Litigation, in accordance with a Stipulation of Settlement dated June 23, 2022 (the "Stipulation"), which, together with the Exhibits annexed thereto, sets forth the terms and conditions for a proposed Settlement of the Litigation between the Settling Parties and for dismissal of the Litigation against the Defendants and the Released Persons with prejudice upon the terms and conditions set forth therein; and the Court having read and considered the Stipulation and the Exhibits annexed thereto; and

WHEREAS, unless otherwise defined, all terms used herein have the same meanings as set forth in the Stipulation.

NOW, THEREFORE, IT IS HEREBY ORDERED:

1.      The Court has reviewed the Stipulation, finds that the Stipulation resulted from arm's-length negotiations, and does hereby preliminarily approve the Stipulation and Settlement set forth therein as being fair, reasonable, and adequate to Class Members subject to further consideration at the hearing described in ¶5 below.

2.      Pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, and for purposes of this Settlement only, the Litigation is hereby preliminarily certified as a class action on behalf of all Persons who purchased, sold, or held Harman International Industries, Incorporated ("Harman") common stock at any time during the period from and including January 10, 2017, the record date for Harman's special stockholder meeting regarding the merger (the "Merger") of Harman into Samsung Electronics Co., Ltd., through and including March 12, 2017, the date the

Merger closed (the "Class"). Excluded from the Class are: (i) Defendants and members of their immediate families; (ii) the officers and directors of Harman at all relevant times and members of their immediate families; (iii) any entity in which Defendants have or had a controlling interest; and (iv) the legal representatives, heirs, successors or assigns of each Defendant and each officer and director of Harman. Also excluded from the Class are those Persons who properly exclude themselves by timely and validly requesting exclusion from the Class pursuant to the Notice of Pendency and Proposed Settlement of Class Action to be sent to Class Members pursuant to this Order.

3.      The Court finds, for the purposes of the Settlement only, that the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the number of Class Members is so numerous that joinder of all members is impracticable; (b) there are questions of law and fact common to the Class; (c) the claims of Lead Plaintiff are typical of the claims of the Class she seeks to represent; (d) Lead Plaintiff and Lead Counsel have and will fairly and adequately represent the interests of the Class; (e) the questions of law and fact common to the Class Members predominate over any questions affecting only individual Class Members; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

4.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, Lead Plaintiff is preliminarily certified as the class representative and Robbins Geller Rudman & Dowd LLP is preliminarily certified as Lead Counsel.

5.      A hearing shall be held before this Court on November 10, 2022, at 10:00 a.m. (the "Final Approval Hearing"), at the United States District Court for the District of Connecticut, Abraham Ribicoff Federal Building, 450 Main Street, Room 228, Harford, CT 06103, to: (a) determine whether the proposed Settlement is fair, reasonable, and adequate to the Class and

should be approved by the Court; (b) determine whether an Order and Final Judgment or an Alternative Judgment, if applicable, as provided in ¶¶1.19 and 1.2 of the Stipulation should be entered; (c) determine whether the proposed Plan of Allocation should be approved; (d) determine the amount of fees and expenses that should be awarded to Lead Counsel; (e) determine any award (if requested) to Lead Plaintiff pursuant to 15 U.S.C. §78u-4(a)(4); (f) hear any objections by Class Members to: (i) the Settlement or Plan of Allocation; (ii) any award to Lead Plaintiff; and/or (iii) the award of fees and expenses to Lead Counsel; and (g) to consider such other matters the Court deems appropriate.

6.      The Court approves the form, substance, and requirements of the Notice of Pendency and Proposed Settlement of Class Action ("Notice") and Proof of Claim and Release form, substantially in the forms annexed hereto as Exhibits A-1 and A-2, respectively.

7.      The Court approves the form of the Summary Notice, substantially in the form annexed hereto as Exhibit A-3.

8.      The firm of Gilardi & Co. LLC ("Claims Administrator") is hereby appointed to supervise and administer the notice procedure as well as the processing of claims as more fully set forth below.

9.       Not later than August 3, 2022 (a date twenty-one (21) calendar days after the Court signs and enters this Order) (the "Notice Date"), the Claims Administrator shall cause a copy of the Notice and Proof of Claim and Release form, substantially in the forms annexed hereto, to be mailed by First-Class Mail to all Class Members who can be identified with reasonable effort and to be posted on its website at www.HarmanMergerLitigation.com.

10.     Not later than July 23, 2022 (a date ten (10) calendar days after the Notice Date), the Claims Administrator shall cause the Summary Notice to be published once in the national edition of *The Wall Street Journal* and once over a national newswire service.

11.     Not later than November 3, 2022, Lead Counsel shall serve on Defendants' counsel and file with the Court proof, by affidavit or declaration, of such mailing and publishing.

12.     Nominees who purchased, sold, or held Harman common stock for the benefit of another Person at any time during the period from and including January 10, 2017, the record date, through and including March 12, 2017, shall be requested to send the Notice and Proof of Claim and Release form to such beneficial owners of Harman common stock within fifteen (15) calendar days after receipt thereof, or, send a list of the names and addresses of such beneficial owners to the Claims Administrator within fifteen (15) calendar days of receipt thereof, in which event the Claims Administrator shall promptly mail the Notice and Proof of Claim and Release form to such beneficial owners.

13.     The form and content of the notice program described herein and the methods set forth herein for notifying the Class of the Settlement and its terms and conditions, the Fee and Expense Application, and the Plan of Allocation meet the requirements of Rule 23 of the Federal Rules of Civil Procedure and the PSLRA, and due process, constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all Persons entitled thereto.

14.     All fees, costs, and expenses incurred in notifying Class Members shall be paid from the Settlement Fund and in no event shall any of the Released Persons bear any responsibility for such fees, costs, or expenses.  All Class Members (except Persons who request exclusion pursuant to ¶19 below) shall be bound by all determinations and judgments in the Litigation concerning the Settlement, including, but not limited to, the releases provided for therein, whether favorable or unfavorable to the Class, regardless of whether such Persons seek or obtain by any means, including, without limitation, by submitting a Proof of Claim and Release form or any similar document, any distribution from the Settlement Fund or the Net Settlement Fund.

15.     Pending final determination by the Court as to whether the Settlement, as set forth in the Stipulation, is fair, reasonable, and adequate and should be finally approved and whether the Order and Final Judgment, or the Alternative Judgment, if applicable, dismissing the action with prejudice should be approved, no Class Member, either directly, representatively or in any other capacity, shall assert, commence or prosecute against any of the Defendants or the Released Persons any of the Released Claims in this Litigation, or in any other proceeding or forum.  This injunction is necessary to protect and effectuate the Settlement, this Order, and the Court's flexibility and authority to effectuate the Settlement and to enter judgment when appropriate, and is ordered in aid of the Court's jurisdiction and to protect its judgments.

16.     Class Members who wish to participate in the Settlement shall complete and submit the Proof of Claim and Release form in accordance with the instructions contained therein.  Unless the Court orders otherwise, all Proofs of Claim and Release forms must be postmarked or submitted electronically no later than December 1, 2022 (a date one hundred and twenty (120) calendar days from the Notice Date).  Any Class Member who does not submit a Proof of Claim and Release form within the time provided shall be barred from sharing in the distribution of the proceeds of the Net Settlement Fund, unless otherwise ordered by the Court, but shall nevertheless be bound by any final judgment entered by the Court.  Notwithstanding the foregoing, Lead Counsel shall have the discretion (but not the obligation) to accept late-submitted claims for processing by the Claims Administrator so long as distribution of the Net Settlement Fund is not materially delayed thereby. No person shall have any claim against Lead Plaintiff, Lead Counsel or the Claims Administrator by reason of the decision to exercise or not exercise such discretion.

17.     The Proof of Claim and Release form submitted by each Class Member must, unless otherwise ordered by the Court: (i) be properly completed, signed, and submitted in a timely manner in accordance with the provisions of the preceding paragraph; (ii) be accompanied by adequate

supporting documentation for the holdings reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the information found in a broker confirmation slip, or such other documentation deemed adequate by Lead Counsel or the Claims Administrator; (iii) include in the Proof of Claim and Release form a certification of current authority to act on behalf of the Class Member if the person executing the Proof of Claim and Release form is acting in a representative capacity; (iv) be complete and contain no material deletions or modifications of any of the printed matter contained therein; and (v) be signed under penalty of perjury.

18.     Any Class Member may enter an appearance in the Litigation, at his, her, or its own expense, individually or through counsel of their own choice.  If they do not enter an appearance, they will be represented by Lead Counsel.

19.     Any Person falling within the definition of the Class may, upon request, be excluded or "opt out" from the Class.  Any such Person must submit to the Claims Administrator a request for exclusion ("Request for Exclusion"), by First-Class Mail such that it is received no later than October 20, 2022.  A Request for Exclusion must be signed and state: (a) the name, address, and telephone number of the Person requesting exclusion; (b) the number of shares of Harman common stock held, purchased, or sold at any time during the period from and including January 10, 2017, the record date, through and including March 12, 2017, and at the close of business on January 10, 2017, and the dates held during such period; and (c) that the Person wishes to be excluded from the Class. All Persons who submit valid and timely Requests for Exclusion in the manner set forth in this paragraph shall have no rights under the Stipulation, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by the Stipulation or any final judgment.

20.     Lead Counsel shall cause to be provided to Defendants' counsel copies of all Requests for Exclusion and a list of all Class Members who have requested exclusion, and any

written revocation of Requests for Exclusion, as expeditiously as possible and in any event no later than October 27, 2022.

21.     Any Class Member may appear and object if he, she, or it has any reason why the proposed Settlement of the Litigation should not be approved as fair, reasonable and adequate, or why a judgment should not be entered thereon, why the Plan of Allocation should not be approved, why fees and expenses should not be awarded to Lead Counsel or Lead Plaintiff (if requested); provided, however, that no Class Member or any other Person shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement, or, if approved, the Order and Final Judgment or the Alternative Judgment, if applicable, to be entered thereon approving the same, or the order approving the Plan of Allocation, or any fees and expenses to be awarded to Lead Counsel or Lead Plaintiff, unless written objections and copies of any papers and briefs are received by Robbins Geller Rudman & Dowd LLP, David A. Knotts, 655 West Broadway, Suite 1900, San Diego, CA 92101, and Wachtell, Lipton, Rosen & Katz, Stephen R. DiPrima, 51 West 52nd Street, New York, NY 10019, no later than October 20, 2022, and said objections, papers and briefs are filed with the Clerk of the United States District Court for the District of Connecticut, Abraham Ribicoff Federal Building, 450 Main Street, Suite A012, Hartford, CT 06103, no later than October 20, 2022. Any Class Member who does not make his, her, or its objection in the manner provided for herein shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the proposed Settlement as incorporated in the Stipulation, to the Plan of Allocation, and to the award of fees and expenses to Lead Counsel or Lead Plaintiff, unless otherwise ordered by the Court. Attendance at the Final Approval Hearing is not necessary. However, Persons wishing to be heard orally in opposition to the approval of the Settlement, the Plan of Allocation, and/or the application for an award of fees and expenses are required to indicate in their written objection their intention to appear at the hearing.

Class Members do not need to appear at the Final Approval Hearing or take any other action to indicate their approval of the Settlement.

22.     All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

23.     All papers in support of the Settlement, Plan of Allocation, and any application by Lead Counsel for attorneys' fees and expenses and payment of time and expenses to Lead Plaintiff shall be filed and served no later than October 6, 2022, and any reply papers shall be filed and served no later than November 3, 2022.

24.     The Released Persons shall have no responsibility for the Plan of Allocation or any application for attorneys' fees and expenses submitted by Lead Counsel or Lead Plaintiff, and such matters will be considered separately from the fairness, reasonableness, and adequacy of the Settlement.

25.     At or after the Final Approval Hearing, the Court shall determine whether the Plan of Allocation proposed by Lead Counsel, and any application for attorneys' fees and expenses, should be approved.

26.     All reasonable expenses incurred in identifying and notifying Class Members as well as administering the Settlement Fund shall be paid as set forth in the Stipulation.  In the event the Court does not approve the Settlement, or it otherwise fails to become effective, neither Lead Plaintiff nor any of her counsel shall have any obligation to repay any amounts actually and properly incurred or disbursed pursuant to ¶2.7 of the Stipulation.

27.     Neither the Stipulation, nor any of its terms or provisions, nor any of the negotiations, discussions, or proceedings connected with it, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement may be construed as an admission or,

concession by the Defendants or any other Released Persons of the truth of any of the allegations in the Litigation, or of any liability, fault, or wrongdoing of any kind, or offered or received in evidence, or otherwise used by any person in the Litigation, or in any other action or proceeding, whether civil, criminal, or administrative, in any court, administrative agency, or other tribunal.  The Released Persons, Lead Plaintiff, Intervening Plaintiff, Class Members, and each of their counsel may file, offer, or otherwise use the Stipulation and/or the Order and Final Judgment, or the Alternative Judgment, if applicable, in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim in any insurance coverage litigation, or in any proceeding to enforce the terms of the Stipulation (or any agreement or order relating thereto).

28.     All proceedings in the Litigation are stayed until further order of this Court, except as may be necessary to implement the Settlement or comply with the terms of the Stipulation.  Pending final determination of whether the Settlement should be approved, neither Lead Plaintiff, Intervening Plaintiff nor any Class Member, either directly, representatively, or in any other capacity shall commence or prosecute against any of the Released Persons any action or proceeding in any court or tribunal asserting any of the Released Claims.

29.     The Court reserves the right to alter the time or the date of the Final Approval Hearing without further notice to the Class Members, provided that the time or the date of the Final Approval Hearing shall not be set at a time or date earlier than the time and date set forth in ¶5 above, and retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.  The Court may approve the Settlement, with such modifications as may be agreed to by the Settling Parties, if appropriate, without further notice to the Class.

30.     If the Settlement fails to become effective as defined in the Stipulation or is terminated, then, in any such event, the Stipulation, including any amendment(s) thereof, except as expressly provided in the Stipulation, and this Order shall be null and void, of no further force or effect, and without prejudice to any Settling Party, and may not be introduced as evidence or used in any actions or proceedings by any person or entity against the Settling Parties, and they shall be deemed to have reverted to their respective litigation positions in the Litigation as of April 24, 2022.

IT IS SO ORDERED.

DATED: _____   Robert N Chatigny    Digitally signed by Robert
N Chatigny
Date: 2022.07.13
12:52:24 -04'00'

_____
THE HONORABLE ROBERT N. CHATIGNY
UNITED STATES DISTRICT JUDGE

# EXHIBIT A-1

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| PATRICIA B. BAUM, Individually and on Behalf of All Others Similarly Situated, | ) No. 3:17-cv-00246-RNC |
| Plaintiff, | ) CLASS ACTION |
| vs. | ) NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION |
| HARMAN INTERNATIONAL INDUSTRIES, INCORPORATED, et al., | ) |
| Defendants. | ) |

EXHIBIT A-1

**TO: ALL PERSONS WHO PURCHASED, SOLD, OR HELD HARMAN INTERNATIONAL INDUSTRIES, INCORPORATED ("HARMAN" OR THE "COMPANY") COMMON STOCK AT ANY TIME DURING THE PERIOD FROM AND INCLUDING JANUARY 10, 2017, THE RECORD DATE FOR HARMAN'S SPECIAL STOCKHOLDER MEETING REGARDING THE MERGER OF HARMAN INTO SAMSUNG ELECTRONICS CO., LTD. (THE "MERGER"), THROUGH AND INCLUDING MARCH 12, 2017, THE DATE THE MERGER CLOSED (THE "CLASS")**

PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY.  YOUR RIGHTS MAY BE AFFECTED BY PROCEEDINGS IN THIS LITIGATION.  PLEASE NOTE THAT IF YOU ARE A CLASS MEMBER, YOU MAY BE ENTITLED TO SHARE IN THE PROCEEDS OF THE SETTLEMENT DESCRIBED IN THIS NOTICE.  TO CLAIM YOUR SHARE OF THE SETTLEMENT PROCEEDS, YOU MUST SUBMIT A VALID PROOF OF CLAIM AND RELEASE FORM ("PROOF OF CLAIM") **POSTMARKED OR SUBMITTED ONLINE ON OR BEFORE DECEMBER 1, 2022**.

This Notice of Pendency and Proposed Settlement of Class Action ("Notice") has been sent to you pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the District of Connecticut (the "Court").  The purpose of this Notice is to inform you of the proposed settlement of the Litigation (the "Settlement") and of the hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of the Settlement and the proposed Plan of Allocation of the Settlement proceeds, as well as counsel's application for fees and expenses.  This Notice describes the rights you may have in connection with your participation in the Settlement, what steps you may take in relation to the Settlement and this Litigation, and, alternatively, what steps you must take if you wish to be excluded from the Class and this Litigation.[1]

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| SUBMIT A PROOF OF CLAIM | The only way to be eligible to receive a payment.  Proofs of Claim must be postmarked or submitted online on or before December 1, 2022. |
| EXCLUDE YOURSELF | Receive no payment from the Settlement.  This is the only option that potentially allows you to ever be part of any other lawsuit against the Defendants or any other Released Persons about the legal claims related to the issues raised in this Litigation.  Exclusions must be received no later than October 20, 2022. |

---

[1]  All capitalized terms used in this Notice that are not otherwise defined herein shall have the meanings provided in the Stipulation of Settlement dated June 23, 2022 ("Stipulation"), which, along with other important documents, is available on the website, www.HarmanMergerLitigation.com.

| OBJECT | Write to the Court about why you oppose the Settlement, the Plan of Allocation, the request for attorneys' fees, and/or the expenses of Lead Plaintiff (if requested).  You will still be a Class Member. Objections must be received by the Court **and** counsel on or before October 20, 2022. |
|--------|---------|
| GO TO A HEARING | Ask to speak in Court about the fairness of the Settlement. Requests to speak must be received by the Court **and** counsel on or before October 20, 2022. |
| DO NOTHING | Receive no payment from the Settlement.  Unless you have requested exclusion from the Class, you cannot be a party of any other lawsuit against Defendants or any other Released Persons about the legal claims related to the issues raised in this Litigation. |

## SUMMARY OF THIS NOTICE

### Statement of Class Recovery

Pursuant to the Settlement described herein, the Settlement Amount is $28 million.  A Class Member's actual recovery will be a proportion of the Net Settlement Fund determined by that claimant's claim as compared to the total claims of all Class Members who submit acceptable Proofs of Claim.  An individual Class Member may receive more or less than the estimated average amount provided below depending on the number of claims submitted.  *See* Plan of Allocation as set forth at pages 19-21 below for more information on your claim.

### Statement of Potential Outcome of Litigation

The parties disagree on both liability and damages and do not agree on the average amount of damages per Harman common stock that would be recoverable if the Class prevailed on each claim alleged.  The Defendants deny that they are liable to the Class and deny that the Class has suffered any damages.

### Statement of Attorneys' Fees and Expenses Sought

Lead Counsel will apply to the Court for an award of attorneys' fees of 31% of the Settlement Amount and expenses in an amount not to exceed $200,000, plus interest earned from the date the Settlement is funded, at the same rate as earned on the Settlement Fund.  Since the Litigation's inception in February 2017, Lead Counsel has expended time and effort in the

prosecution of this Litigation on a contingent fee basis and advanced the expenses of the Litigation in the expectation that if they were successful in obtaining a recovery for the Class, they would be paid from such recovery. In this type of litigation it is customary for counsel to be awarded a percentage of the common fund recovery as their attorneys' fees. The requested fees and expenses amount to approximately $0.13 per damaged share, but the average cost per damaged share will vary depending on the number of acceptable Proofs of Claim submitted.

### Further Information

For further information regarding the Litigation, this Notice, or to review the Stipulation, please contact the Claims Administrator toll-free at 1-888-813-7419, or visit the website www.HarmanMergerLitigation.com.

You may also contact a representative of Lead Counsel: Shareholder Relations Department, Robbins Geller Rudman & Dowd LLP, 655 West Broadway, Suite 1900, San Diego, CA 92101, settlementinfo@rgrdlaw.com, 1-800-449-4900, www.rgrdlaw.com.

***Please Do Not Call the Court or Defendants with Questions About the Settlement***.

### Reasons for the Settlement

The principal reason for the Settlement is the benefit to be provided to the Class now. This benefit must be compared to the risk that no recovery might be achieved after a contested trial and likely appeals, possibly years into the future.

## BASIC INFORMATION

| 1. | **Why did I get this notice package?** |
|----|----------------------------------------|

You or someone in your family may have purchased, sold, or held Harman common stock at any time during the time period from and including January 10, 2017 through and including March 12, 2017 (the "Class Period").

The Court directed that this Notice be sent to Class Members because they have a right to know about the proposed Settlement of this class action lawsuit, and about all of their options, before the Court decides whether to approve the Settlement.

This Notice explains the class action lawsuit, the Settlement, Class Members' legal rights, what benefits are available, who is eligible for them, and how to get them.

The Court in charge of the Litigation is the United States District Court for the District of Connecticut, and the case is known as *Baum v. Harman Int'l Indus., Inc., et al.*, No. 3:17-cv-00246-RNC.  The case has been assigned to the Honorable Robert N. Chatigny.  Patricia B. Baum has been appointed by the Court as Lead Plaintiff ("Lead Plaintiff"), and the parties who were sued and who have now settled are called the "Defendants."

| 2. | **What is this lawsuit about?** |
|----|--------------------------------|

This is an action on behalf of a putative class of all Persons who purchased, sold, or held Harman common stock at any time during the Class Period.  Lead Plaintiff alleges that Defendants violated §§14(a) and 20(a) of the Securities Exchange Act of 1934 (the "1934 Act") and U.S. Securities and Exchange Commission ("SEC") Rule 14a-9 promulgated thereunder by making materially misleading statements and omissions in the Definitive Proxy Statement on Schedule 14A (the "Proxy"), filed with the SEC on January 20, 2017.  The record date of the Proxy was January 10, 2017.  Defendants deny that they violated any securities laws or SEC rules.

On February 15, 2017, Plaintiff Baum filed the initial complaint in this matter (the "Initial Complaint").

On February 16, 2017, Plaintiff Baum's counsel issued a notice to investors informing them of their right to seek appointment as lead plaintiff within sixty (60) days of the notice.  The Court ultimately appointed Plaintiff Baum as lead plaintiff and Robbins Geller Rudman & Dowd LLP as lead counsel in this Litigation on May 11, 2017.

4861-8921-8590

Lead Plaintiff filed an amended complaint (the "Amended Complaint") on July 12, 2017. While dropping certain claims and certain defendants, the Amended Complaint continued to allege claims against Defendants for alleged violations of §§14(a) and 20(a) of the 1934 Act and SEC Rule 14a-9 promulgated thereunder.

Defendants filed a motion to dismiss the Amended Complaint on October 6, 2017.  On October 3, 2019, the Court granted in part and denied in part Defendants' motion to dismiss.  Shortly thereafter, Lead Plaintiff served document requests and subpoenas to Defendants and various third parties.  Defendants served document requests to Lead Plaintiff.

On December 23, 2019, Lead Plaintiff and putative Class Member Laborers' Local #231 Pension Fund ("Intervening Plaintiff") jointly filed a motion seeking to permit Intervening Plaintiff to intervene as an additional plaintiff in the Litigation.

On January 14, 2020, Lead Plaintiff filed a motion seeking an order certifying this Litigation as a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure and appointing Lead Plaintiff and the Intervening Plaintiff as Class Representatives.

On January 13, 2020, Defendants submitted a letter informing the Court about their intent to file a motion for judgment on the pleadings seeking the dismissal of Lead Plaintiff's remaining claims (the "Pleadings Motion"), and filed an opposition to the motion to permit Intervening Plaintiff to intervene as an additional plaintiff.  On January 21, 2020, the Court held a pre-trial conference in which it informed the Parties that Defendants' Pleadings Motion was deemed filed as of that date, and that all discovery efforts should cease pending a ruling on the Pleadings Motion.

On June 9, 2020, Defendants filed a motion requesting that the Court take judicial notice of the global auto recession ("Judicial Notice Motion").

On September 30, 2021, the Court issued an order denying the Pleadings Motion and the Judicial Notice Motion.  On November 8, 2021, Defendants filed a motion seeking (i) certification of

interlocutory appeal of the order denying the Pleadings Motion, and (ii) a stay of the Litigation pending that appeal.

On October 21, 2021, the Court held a pre-trial conference. During the conference, the Court inquired whether the Parties would engage in private mediation, to which the Parties responded they would be open to doing so. The Parties ultimately retained the Hon. Layn R. Phillips (Ret.) to assist in mediation.

On February 10, 2022, the Parties filed a status report informing the Court that "On January 5, 2022, the parties participated in a mediation in front of the Hon. Layn R. Phillips (Ret.). The parties did not reach a resolution that day, but discussions with the assistance of Judge Phillips's office continue. In the meantime, the parties are conducting document and written discovery, including electronic and third party discovery."

Following nearly four-months of arm's-length negotiations, on April 27, 2022, the Parties filed with the Court a "Notice of Settlement," stating that "the parties, through ongoing mediation, have agreed on the economic terms of a resolution and are working to document a settlement that would resolve all outstanding issues in this case among all parties. The parties are in the process of reducing the agreement to writing, which we expect to be completed within 40 days. When that process has been completed, the parties will file settlement and notice documents with the Court for preliminary approval."

Defendants have denied and continue to deny each and all of the claims and contentions alleged by Lead Plaintiff in the Litigation and maintain that their conduct was at all times proper and in compliance with all applicable provisions of law. Defendants expressly have denied and continue to deny all charges of wrongdoing or liability against them arising out of any of the conduct, statements, acts, or omissions alleged, or that could have been alleged, in the Litigation. Defendants also have denied, *inter alia*, the allegations that they made a materially false statement or had any

- 6 -

intent to make one, the allegations that Lead Plaintiff or the Class has suffered damage, that Lead Plaintiff or the Class were harmed by the conduct that was or could have been alleged in the Litigation, or that Defendants have any liability to the Class.  In addition, Defendants maintain that they have meritorious defenses to all claims alleged in the Litigation.

| 3. | **Why is this a class action?** |
|---|---|

In a class action, one or more people called a plaintiff sues on behalf of people who have similar claims.  All of the people with similar claims are referred to as a Class or Class Members.  One court resolves the issues for all Class Members, except for those Class Members who exclude themselves from the Class.

| 4. | **Why is there a settlement?** |
|---|---|

The Court has not decided in favor of the Defendants or the Class.  Instead, both sides agreed to the Settlement to avoid the costs and risks of further litigation, including trial and post-trial appeals.  Lead Plaintiff agreed to the Settlement in order to ensure that Class Members will receive compensation, and because Lead Plaintiff (advised by Lead Counsel) considered the Settlement Amount to be a favorable recovery compared to the risk-adjusted possibility of recovery after trial and any appeals, in light of Defendants' legal argument that the statements at issue were not actionable at all by the Class, and Defendants' factual arguments that they were complying with all applicable securities laws.  Lead Plaintiff and Lead Counsel believe the Settlement is in the best interest of all Class Members in light of the real possibility that continued litigation could result in no recovery at all.

## WHO IS IN THE SETTLEMENT

To see if you will get money from this Settlement, you first have to decide if you are a Class Member.

4861-8921-8590

**5.      How do I know if I am part of the Settlement?**

The Court directed that everyone who fits this description is a Class Member: all Persons who purchased, sold, or held Harman common stock at any time during the period from and including January 10, 2017, the record date, through and including March 12, 2017, the date the Merger closed.  Under the Plan of Allocation described below, only Class Members who were holders of record of Harman common stock at the close of business on January 10, 2017, and were thus holders of record entitled to vote on the Merger, and who submit a valid Proof of Claim to the Claim Administrator, may share in the recovery – this aligns the recovery with those who have legal standing to bring the claims currently asserted in the Litigation.

**6.      Are there exceptions to being included?**

Excluded from the Class are: (i) Defendants and members of their immediate families; (ii) the officers and directors of the Company at all relevant times and members of their immediate families; (iii) any entity in which Defendants have or had a controlling interest; and (iv) the legal representatives, heirs, successors or assigns of each Defendant and each officer and director of the Company.  Also excluded from the Class are those Persons who properly exclude themselves by timely and validly requesting exclusion from the Class pursuant to this Notice.

**7.      What if I am still not sure if l am included?**

If you are still not sure whether you are included, you can ask for free help.  You can contact the Claims Administrator toll-free at 1-888-813-7419 or visit the Settlement website www.HarmanMergerLitigation.com, or you can fill out and return the Proof of Claim enclosed with this Notice package, to see if you qualify.

## THE SETTLEMENT BENEFITS – WHAT YOU GET

| 8. | **What does the Settlement provide?** |
|---|---|

In exchange for the Settlement and the release of the Released Claims (defined below) as well as dismissal of the Litigation, Defendants have agreed that a payment of $28 million will be made by Defendants (or on their behalf) to be divided, after taxes, fees, and expenses, among all Authorized Claimants.

| 9. | **How much will my payment be?** |
|---|---|

Pursuant to the Settlement described herein, the Settlement Amount is $28 million.  Under the Plan of Allocation described below, only Class Members who were holders of record of Harman common stock at the close of business on January 10, 2017, and were thus holders of record entitled to vote on the Merger, and who submit a valid Proof of Claim to the Claims Administrator, may share in the recovery – this aligns the recovery with those who have legal standing to bring the claims currently asserted in the Litigation.  Lead Plaintiff estimates that approximately 69,379,904 shares of Harman common stock are in the Class.  Your actual recovery will be a proportion of the Net Settlement Fund determined by your claim as compared to the total claims of all eligible Class Members who submit acceptable Proofs of Claim.  You may receive more than the estimated average amount provided below depending on the number of claims submitted.  If 100% of shares outstanding on the record date submit a claim, each share's average distribution under the Settlement will be approximately $0.40 per share, before deduction of any Taxes on any income earned on the Settlement Amount, Tax Expenses, Notice and Administration Costs, the attorneys' fees and expenses, and the expenses of Lead Plaintiff (if requested), as determined by the Court.  *See* Plan of Allocation as set forth at pages 19-21 below for more information on your claim.

The Settlement Fund less Taxes, Notice and Administration Costs, any award of attorneys' fees and expenses and Lead Plaintiff's expenses ("Net Settlement Fund") will be distributed to Class

- 9 -

Members who submit valid, timely Proofs of Claim ("Authorized Claimants") on a *pro rata* basis. However, no distributions will be made to Authorized Claimants who would otherwise receive a distribution of less than $10.00.

Defendants do not agree with the characterization that any damages were suffered by Lead Plaintiff or the Class.

Payments shall be conclusive against all Authorized Claimants.  No Person shall have any claim against Plaintiff's Counsel, Lead Plaintiff, Intervening Plaintiff, the Claims Administrator, Defendants and their Related Parties, or any Person designated by Plaintiff's Counsel based on distributions made substantially in accordance with the Stipulation and the Settlement contained therein, or further order(s) of the Court.  No Class Member shall have any claim against Defendants for any Released Claims.  All Class Members who fail to complete and submit a valid and timely Proof of Claim shall be barred from participating in distributions from the Net Settlement Fund (unless otherwise ordered by the Court), but otherwise shall be bound by all of the terms of the Stipulation, including the terms of any judgment entered and the releases given.

### HOW YOU GET A PAYMENT – SUBMITTING A CLAIM FORM

| 10. | **How can I receive a payment?** |
|---|---|

To be eligible to receive a payment, you must submit a Proof of Claim.  A Proof of Claim is enclosed with this Notice or it may be downloaded at www.HarmanMergerLitigation.com.  Read the instructions carefully, fill out the Proof of Claim, include all the documents the form asks for, sign it, and return it so that it is postmarked, if mailed, or received, if submitted online, no later than December 1, 2022.    The Proof of Claim may be submitted online at   www.HarmanMergerLitigation.com.

4861-8921-8590

| 11. | When would I receive my payment? |
|---|---|

The Court will hold a Final Approval Hearing on November 10, 2022, to decide whether to approve the Settlement.  If the Court approves the Settlement after that, there might be appeals.  It is always uncertain whether these appeals can be resolved, and resolving them can take time, perhaps more than a year.  It also takes time for all the Proofs of Claim to be processed.  Please be patient.

| 12. | What am I giving up to receive a payment or to stay in the Class? |
|---|---|

Unless you exclude yourself, you will remain a Class Member, and that means that, if the Settlement is approved, you will give up all "Released Claims" (as defined below), including "Unknown Claims" (as defined below), against the "Released Persons" (as defined below):

- "Released Claims" means any and all claims that have been asserted, could have been asserted, or could be asserted in the future in this Litigation; and any and all claims, actions, potential actions, demands, losses, rights, causes of action, controversies, costs, damages, liabilities, obligations, judgments, suits, matters and issues of any nature for any remedy, known or unknown, suspected or unsuspected, accrued or unaccrued, whether class, individual, or otherwise, arising under the laws, regulations, or common law of the United States of America, any state or political subdivision thereof, or any foreign country or jurisdiction, in law, in contract, or in equity, and regardless of legal theory, and including claims for indemnification, contribution, or otherwise denominated, that have been asserted, could have been asserted, or could be asserted in the future, by Lead Plaintiff or any Class Member in his, her or its capacity as a purchaser, seller or holder of Harman stock, that have arisen from, could have arisen from, or relate in any manner to, in whole or in part, the allegations, conduct, facts, events, transactions, acts, occurrences, statements, representations, omissions or any other matter related to, or arising out of, the Litigation, the Merger, the Proxy, the public statements, projections and investor presentations referenced in the Amended Complaint, or the purchase, sale, or holding of Harman's common stock at any time during the period from and including January 10, 2017 through and including March 12, 2017.  "Released Claims" includes "Unknown Claims" as defined below.  For the avoidance of doubt, nothing in the Stipulation is intended to, nor shall it be deemed to, release any claim that the Defendants have against any of Defendants' insurers.

- "Released Persons" means each and all of the Defendants and each and all of their Related Parties.

- "Related Parties" means, with respect to each Defendant, any and all of their related parties, including, without limitation, any and all of their past or present parents, subsidiaries, affiliates, predecessors, or successors, as well as any and all of its or their current or former officers, directors, employees, associates, members of their

immediate families, agents or other persons acting on their behalf, underwriters, insurers, reinsurers, attorneys, advisors, financial advisors, publicists, independent certified public accountants, auditors, accountants, assigns, creditors, administrators, heirs, estates, or legal representatives.

- "Settled Defendants' Released Claims" means all actions, claims, debts, demands, liabilities, losses, matters, rights, suits and causes of action of any nature whatsoever, known or unknown, contingent or absolute, mature or immature, discoverable or undiscoverable, whether concealed or hidden, suspected or unsuspected, whether based in law or equity, arising under federal, state, common or foreign law, or any other law, rule or regulation, which now exist or heretofore have existed, that have been or could have been asserted in the Litigation or any forum by the Released Persons or any of them against Lead Plaintiff, Intervening Plaintiff, Class Members, or Plaintiff's Counsel, that arise out of or relate in any way to the institution, prosecution, or settlement, of the claims against the Released Persons, except for claims related to the enforcement of the Settlement.

- "Unknown Claims" means any of the Released Claims which Lead Plaintiff or any Class Member does not know or suspect to exist in such party's favor at the time of the release of the Released Persons, and any of the Settled Defendants' Released Claims that the Released Persons do not know or suspect to exist in his, her or its favor at the time of the release of Lead Plaintiff, each and all of the Class Members and Plaintiff's Counsel, which, if known by such party, might have affected such party's settlement with and release of the Released Persons or Lead Plaintiff, each and all of the Class Members and Lead Plaintiff's counsel, or might have affected such party's decision not to object to this Settlement or seek exclusion.  Unknown Claims include those Released Claims in which some or all of the facts comprising the claim may be suspected, or even undisclosed or hidden.  With respect to any and all Released Claims and the Settled Defendants' Released Claims, upon the Effective Date, Lead Plaintiff and Defendants shall expressly, and each of the Class Members and Released Persons shall be deemed to have, and by operation of the Order and Final Judgment, or the Alternative Judgment, if applicable, shall have, expressly waived to the fullest extent permitted by law, the provisions, rights, and benefits of California Civil Code §1542, which provides:

> **A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party**.

In addition, Lead Plaintiff and Defendants shall expressly, and each of the Class Members and Released Persons shall be deemed to have, and by operation of the Order and Final Judgment, or the Alternative Judgment, if applicable, shall have expressly waived any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable or equivalent to California Civil Code §1542.  Lead Plaintiff, Class Members and the Released Persons may hereafter discover facts in addition to or different from those which such party now knows or believes to be true with respect to the subject matter of the Released Claims and the Settled Defendants'

Released Claims, but Lead Plaintiff and Defendants shall expressly, and each Class Member and Released Persons, upon the Effective Date, shall be deemed to have, and by operation of the Order and Final Judgment, or the Alternative Judgment, if applicable, shall have fully, finally, and forever settled and released any and all Released Claims, or the Settled Defendants' Released Claims, as the case may be, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct that is negligent, reckless, intentional, with or without malice, or a breach of any duty, law, or rule, without regard to the subsequent discovery or existence of such different or additional facts, whether or not previously or currently asserted in any action.  Lead Plaintiff and Defendants acknowledge, and the Class Members and Released Persons shall be deemed by operation of the Order and Final Judgment, or the Alternative Judgment, if applicable, to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement of which this release is a part.

If you remain a Class Member, all of the Court's orders will apply to you and legally bind you.

## EXCLUDING YOURSELF FROM THE CLASS

If you do not want a payment from this Settlement, and you want to keep the right to potentially sue the Defendants and the other Released Persons, on your own, about the legal issues in this Litigation, then you must take steps to remove yourself from the Settlement.  This is called excluding yourself.

| 13. | **How do I get out of the proposed Settlement?** |
|-----|---|

To exclude yourself from the Class, you must send a letter by First-Class Mail stating that you "request exclusion from the Class in the *Harman Merger Litigation*."  To be valid, your letter must include the number of shares of Harman common stock you held, purchased, or sold at any time during the Class Period and at the close of business on January 10, 2017, and the dates held during such period.  In addition, you must include your name, address, telephone number, and your signature.  You must submit your exclusion request so that it is *received* **no later than October 20, 2022** to:

*Harman Merger Litigation*
c/o Gilardi & Co. LLC
Claims Administrator
EXCLUSIONS
P.O. Box 5100
Larkspur, CA  94977-5100

If you ask to be excluded, you will not get any payment, and you cannot object to the Settlement.  You will not be legally bound by anything that happens in this lawsuit.  If you are requesting exclusion because you want to bring your own lawsuit based on the matters alleged in this Litigation, you may want to consult an attorney and discuss whether any individual claim that you wish to pursue would be time-barred by the applicable statutes of limitations or repose.

| 14. | **If I do not exclude myself, can I sue the Defendants and the other Released Persons for the same thing later?** |

No.  Unless you exclude yourself, you give up any rights to sue the Defendants and the other Released Persons for any and all Released Claims.  If you have a pending lawsuit against the Released Persons, speak to your lawyer in that case immediately.  You must exclude yourself from this Litigation to continue your own lawsuit.  Remember, the exclusion deadline is October 20, 2022.

| 15. | **If I exclude myself, can I get money from the proposed Settlement?** |

No.  If you exclude yourself, you should not send in a Proof of Claim to ask for any money.  But, you may be able to sue or be part of a different lawsuit against the Defendants and the other Released Persons about the claims raised in this Litigation.

**THE LAWYERS REPRESENTING YOU**

| 16. | **Do I have a lawyer in this case?** |

The Court ordered that the law firm of Robbins Geller Rudman & Dowd LLP represents the Class, including you.  These lawyers are called Lead Counsel.  They will be paid from the Settlement Fund to the extent the Court approves their application for fees and expenses.  If you want to be represented by your own lawyer, you may hire one at your own expense.

4861-8921-8590

| 17. | **How will the lawyers be paid?** |
|---|---|

Lead Counsel will move the Court for an award of attorneys' fees of 31% of the Settlement Amount and expenses in an amount not to exceed $200,000, plus interest on such fees and expenses at the same rate as earned on the Settlement Fund.   In addition, the Lead Plaintiff may seek reimbursement for her time and expenses in pursuing the Litigation.   Such sums as may be approved by the Court will be paid from the Settlement Fund.

The attorneys' fees and expenses requested will be the only payment to Plaintiff's Counsel for its efforts in achieving this Settlement and for its risk in undertaking this representation on a wholly contingent basis.   To date, Plaintiff's Counsel has not been paid for its services for conducting this Litigation on behalf of Lead Plaintiff and the Class nor for the litigation expenses Lead Counsel has incurred.   The fee requested will compensate Plaintiff's Counsel for its work in achieving the Settlement Fund and is within the range of fees awarded to class counsel under similar circumstances in other cases of this type.

## OBJECTING TO THE SETTLEMENT

| 18. | **How do I tell the Court that I object to the proposed Settlement?** |
|---|---|

If you are a Class Member, you can write to the Court to object to the proposed Settlement, the proposed Plan of Allocation, Lead Counsel's fee and expense application, and/or Lead Plaintiff's time and expense request (if such request was made).   The Court will consider your views.   To object, you must send a signed letter saying that you object to the proposed Settlement, the proposed Plan of Allocation, Lead Counsel's application for fees and expenses or Lead Plaintiff's time and expense request (if any), in the *Harman Merger Litigation* and the reasons why you object.   You must include your name, address, telephone number, and your signature, identify the date(s), price(s), and number of shares of Harman common stock you purchased, sold, or held at any time during the Class Period, and state the reasons why you object.   You must also include copies of

- 15 -

documents demonstrating such holding(s), purchase(s), and/or sale(s).  Your objection must be filed

with the Court **and** mailed or delivered to each of the following addresses such that it is ***received* no**

**later than October 20, 2022:**

| COURT | LEAD COUNSEL | DEFENDANTS' COUNSEL |
|---|---|---|
| Clerk of the Court<br>United States District Court<br>  for the District of Connecticut<br>Abraham Ribicoff Federal<br>  Building<br>450 Main Street, Suite A012<br>Hartford, CT 06103 | David A. Knotts<br>ROBBINS GELLER<br>  RUDMAN & DOWD LLP<br>655 West Broadway<br>Suite 1900<br>San Diego, CA  92101 | Stephen R. DiPrima<br>WACHTELL, LIPTON,<br>ROSEN & KATZ<br>51 West 52nd Street<br>New York, NY 10019 |

| 19. | **What is the difference between objecting and excluding myself?** |
|---|---|

Objecting is simply telling the Court that you do not like something about the proposed

Settlement, the Plan of Allocation, Lead Counsel's application for fees and expenses or Lead

Plaintiff's time and expense request (if any).  You can object only if you stay in the Class.

Excluding yourself is telling the Court that you do not want to be part of the Class.

## THE COURT'S SETTLEMENT HEARING

The Court will hold a hearing to decide whether to approve the proposed Settlement.  You

may attend and you may ask to speak, but you do not have to.

| 20. | **When and where will the Court decide whether to approve the proposed Settlement?** |
|---|---|

The Court will hold a Final Approval Hearing at 10:00 a.m., on November 10,

2022, at the United States District Court for the District of Connecticut, Abraham Ribicoff

Federal Building, 450 Main Street, Room 228, Hartford, CT 06103.  At the hearing the Court

will consider whether the Settlement and proposed Plan of Allocation are fair, reasonable, and

adequate, and whether Lead Counsel's fee and expense application and Lead Plaintiff's time and

expense request (if any) should be granted.  If there are objections, the Court will consider them.

The Court will listen to people who have asked to speak at the hearing.  After the Final

Approval Hearing, the Court will decide whether to approve the Settlement, the Plan of

Allocation and the

- 16 -

amount of fees and expenses.  We do not know how long these decisions will take.  The Court may change the date and time of the Final Approval Hearing without another notice being sent to Class Members.  If you want to attend the hearing, you may wish to check with Lead Counsel or the Settlement website beforehand to be sure that the date and/or time has not changed.

| 21. | **Do I have to come to the hearing?** |
|-----|--------------------------------------|

No.  Lead Counsel will answer questions the Court may have.  But, you are welcome to come at your own expense.  If you send an objection or statement in support of the Settlement, you are not required to come to Court to discuss it.  As long as you mailed your objection on time, the Court will consider it.  You may also pay your own lawyer to attend, but you are not required to do so.  Class Members do not need to appear at the hearing or take any other action to indicate their approval.

| 22. | **May I speak at the hearing?** |
|-----|--------------------------------|

If you object to the Settlement, the Plan of Allocation or, the fee and expense application or Lead Plaintiff's time and expense request, you may ask the Court for permission to speak at the Final Approval Hearing.  To do so, you must include with your objection (*see* Question 18 above) a statement saying that it is your "Notice of Intention to Appear in the *Harman Merger Litigation*."  Persons who intend to object to the Settlement, the Plan of Allocation, the fee and expense application, and/or Lead Plaintiff's time and expense request and desire to present evidence at the Final Approval Hearing must include in their written objections the identity of any witnesses they may call to testify and copies of any exhibits they intend to introduce into evidence at the Final Approval Hearing.  You cannot speak at the hearing if you exclude yourself from the Class.

- 17 -

**IF YOU DO NOTHING**

| 23.      **What happens if I do nothing at all?** |
|---|

If you do nothing, you will get no money from this Settlement.  But, unless you exclude yourself, you will not be able to start a lawsuit or be part of any other lawsuit against the Released Persons about the legal issues in this case ever again.

**GETTING MORE INFORMATION**

| 24.      **Are there more details about the proposed Settlement?** |
|---|

This Notice summarizes the proposed Settlement.  More details are in the Stipulation dated June 23, 2022.  You can obtain answers to common questions regarding the proposed Settlement by contacting the Claims Administrator toll-free at 1-888-813-7419.  A copy of the Stipulation and other relevant documents are also available on the Settlement website at www.HarmanMergerLitigation.com.

| 25.      **How do I get more information?** |
|---|

For even more detailed information concerning the matters involved in this Litigation, reference is made to the pleadings, the Stipulation, the Orders entered by the Court and the other papers filed in the Litigation, which may be inspected at the Office of the Clerk of the United States District Court for the District of Connecticut, Abraham Ribicoff Federal Building, 450 Main Street, Suite A012, Hartford, CT 06103, during regular business hours.  For a fee, all papers filed in this Litigation are available at www.pacer.gov.

You can also call 1-888-813-7419 or write to the Shareholder Relations Department, Robbins Geller Rudman & Dowd LLP, 655 W. Broadway, Suite 1900, San Diego, CA 92101, settlementinfo@rgrdlaw.com or visit www.HarmanMergerLitigation.com.

## PLAN OF ALLOCATION OF NET SETTLEMENT FUND AMONG
## CLASS MEMBERS

The Net Settlement Fund (the Settlement Amount plus interest less taxes, tax expenses, Notice and Administration Costs, attorneys' fees and expenses, and Lead Plaintiff's time and expense payment (if any)) will be distributed to Class Members who, in accordance with the terms of the Stipulation, are entitled to a distribution from the Net Settlement Fund pursuant to any plan of allocation or any order of the Court and who submit a valid and timely Proof of Claim under the Plan of Allocation described below.

| 26. | **How will my claim be calculated?** |
|---|---|

As discussed above, the Settlement provides $28 million in cash for the benefit of the Class. The Settlement Amount and any interest it earns constitute the "Settlement Fund." The Settlement Fund, after deduction of Court-approved attorneys' fees and expenses, Notice and Administration Costs, Taxes, and any other fees or expenses approved by the Court, is the "Net Settlement Fund." If the Settlement is approved by the Court, the Net Settlement Fund will be distributed to Authorized Claimants – *i.e.*, who were holders of record of Harman common stock at the close of business on January 10, 2017, and who submit a valid Proof of Claim to the Claim Administrator – in accordance with this proposed Plan of Allocation ("Plan of Allocation" or "Plan") or such other plan of allocation as the Court may approve. Only those stockholders holding Harman common stock as of the close of business on January 10, 2017 were considered record holders entitled to vote on the Merger. Given that the currently pending claims in the Litigation challenge statements made in the Proxy related to that vote, this proposed Plan of Allocation aligns the recovery with those who have legal standing to bring the claims currently asserted in the Litigation. Class Members who do not timely submit valid Proofs of Claim and/or who did not hold Harman common stock at the close of business on January 10, 2017 will not share in the Net Settlement Fund, but will otherwise be bound by the Settlement. The Court may approve this proposed Plan of Allocation, or modify it, without

- 19 -

additional notice to the Class.  Any order modifying the Plan of Allocation will be posted on the Settlement website, www.HarmanMergerLitigation.com.

The objective of the Plan of Allocation is to distribute the Settlement proceeds equitably among those Class Members who have legal standing to bring the claims currently asserted in the Litigation (as described above).  The Plan of Allocation is not a formal damage analysis, and the calculations made in accordance with the Plan of Allocation are not intended to be estimates of, or indicative of, the amounts that Class Members might have been able to recover after a trial.

Pursuant to the Settlement described herein, the Settlement Amount is $28 million.  Lead Plaintiff estimates that approximately 69,379,904 shares of Harman common stock are in the Class. A Class Member's actual recovery will be a proportion of the Net Settlement Fund determined by its claim as compared to the total claims of all eligible Class Members who submit acceptable Proofs of Claim.  A Class Member may receive more than the estimated average amount provided below depending on the number of claims submitted.  If 100% of shares outstanding on the record date submit a claim, each share's average distribution under the Settlement will be approximately $0.40 per share, before deduction of any Taxes on any income earned on the Settlement Amount, Tax Expenses, Notice and Administration Costs, the attorneys' fees and expenses, the expenses of Lead Plaintiff (if any), as determined by the Court.

The Net Settlement Fund will be distributed to Authorized Claimants on a *pro rata* basis. However, no distributions will be made to Authorized Claimants who would otherwise receive a distribution of less than $10.00.

Payments shall be conclusive against all Authorized Claimants.  No Person shall have any claim against Plaintiff's Counsel, Lead Plaintiff, Intervening Plaintiff, the Claims Administrator, Defendants and their Related Parties, or any Person designated by Plaintiff's Counsel based on distributions made substantially in accordance with the Stipulation and the Settlement contained

- 20 -

therein, or further order(s) of the Court.  No Class Member shall have any claim against Defendants for any Released Claims.  All Class Members who fail to complete and submit a valid and timely Proof of Claim shall be barred from participating in distributions from the Net Settlement Fund (unless otherwise ordered by the Court), but otherwise shall be bound by all of the terms of the Stipulation, including the terms of any judgment entered and the releases given.

### SPECIAL NOTICE TO SECURITIES BROKERS AND OTHER NOMINEES

If you purchased, sold, or held Harman common stock at any time during the Class Period for the beneficial interest of an individual or organization other than yourself, the Court has directed that, WITHIN FIFTEEN (15) DAYS OF YOUR RECEIPT OF THIS NOTICE, you either (a) provide to the Claims Administrator the name and last known address of each person or organization for whom or which you purchased, sold, or held such common stock, or (b) request additional copies of this Notice and the Proof of Claim, which will be provided to you free of charge, and within fifteen (15) days mail the Notice and Proof of Claim directly to the beneficial owners of the common stock referred to herein.  If you choose to follow alternative procedure (b), upon such mailing, you must send a statement to the Claims Administrator confirming that the mailing was made as directed and retain the names and addresses for any future mailings to Class Members.  You are entitled to reimbursement from the Settlement Fund of your reasonable expenses actually incurred in connection with the foregoing, including reimbursement of postage expense and the cost of ascertaining the names and addresses of beneficial owners.  Your reasonable expenses will be paid upon request and submission of appropriate supporting documentation.  All communications concerning the foregoing should be addressed to the Claims Administrator:

*Harman Merger Litigation*
c/o Gilardi & Co. LLC
Claims Administrator
P.O. Box 6177
Novato, CA  94948-6177
1-888-813-7419
www.HarmanMergerLitigation.com

DATED:  July 13, 2022                    BY ORDER OF THE COURT
                                         UNITED STATES DISTRICT COURT
                                         DISTRICT OF CONNECTICUT

# EXHIBIT A-2

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| PATRICIA B. BAUM, Individually and on Behalf of All Others Similarly Situated, | ) ) ) | No. 3:17-cv-00246-RNC |
| Plaintiff, | ) ) ) | CLASS ACTION |
| vs. | ) ) | PROOF OF CLAIM AND RELEASE |
| HARMAN INTERNATIONAL INDUSTRIES, INCORPORATED, et al., | ) ) ) | |
| Defendants. | ) ) ) | |

EXHIBIT A-2

## I.   GENERAL INSTRUCTIONS

1.      To recover as a Class Member based on your claims in the action entitled *Baum v. Harman Int'l Indus., Inc*., No. 3:17-cv-00246-RNC (the "Litigation"), you must complete and, on page 10 hereof, sign this Proof of Claim and Release form.   If you fail to submit a properly addressed (as set forth in paragraph 3 below) Proof of Claim and Release form, postmarked or received by the date shown below, your claim may be rejected and you may be precluded from any recovery from the Net Settlement Fund created in connection with the proposed Settlement of the Litigation.

2.      Submission of this Proof of Claim and Release form, however, does not assure that you will share in the proceeds of the Settlement.

3.      YOU MUST MAIL OR SUBMIT ONLINE YOUR COMPLETED AND SIGNED PROOF OF CLAIM AND RELEASE, ACCOMPANIED BY COPIES OF THE DOCUMENTS REQUESTED HEREIN, NO LATER THAN DECEMBER 1, 2022, TO THE COURT-APPOINTED CLAIMS ADMINISTRATOR IN THIS CASE, AT THE FOLLOWING ADDRESS:

> *Harman Merger Litigation*
> Claims Administrator
> c/o Gilardi & Co. LLC
> P.O. Box 6177
> Novato, CA  94948-6177
> Online Submission:  www.HarmanMergerLitigation.com

If you are NOT a Class Member (as defined in the Notice of Pendency and Proposed Settlement of Class Action (the "Notice")), DO NOT submit a Proof of Claim and Release form.

4.      If you are a Class Member and you do not timely request exclusion in connection with the proposed Settlement, you will be bound by the terms of any judgment entered in the Litigation, including the releases provided therein, WHETHER OR NOT YOU SUBMIT A PROOF OF CLAIM AND RELEASE FORM.

4877-4235-6510

## II.  CLAIMANT IDENTIFICATION

Pursuant to the Plan of Allocation, only Class Members who were holders of record of Harman common stock at the close of business on January 10, 2017, and who submit a valid Proof of Claim and Release form to the Claim Administrator may share in the recovery.

If you held Harman International Industries, Incorporated ("Harman") common stock on January 10, 2017 (the "Record Date"), and held the shares in your name, you are the beneficial holder, as well as the record holder.  If, however, you held Harman common stock on the Record Date and the shares were registered in the name of a third party, such as a nominee or brokerage firm, the third party is the record holder.

Use Part I of this form entitled "Claimant Identification" to identify each holder of record ("nominee"), if different from the beneficial holder of the common stock which form the basis of this claim.  THIS CLAIM MUST BE FILED BY THE ACTUAL BENEFICIAL HOLDER(S) OR THE LEGAL REPRESENTATIVE OF HOLDER(S) OF THE HARMAN COMMON STOCK UPON WHICH THIS CLAIM IS BASED.

All joint holders must sign this claim.  Executors, administrators, guardians, conservators and trustees must complete and sign this claim on behalf of persons represented by them and their authority must accompany this claim and their titles or capacities must be stated.  The Social Security (or taxpayer identification) number and telephone number of the beneficial holder may be used in verifying the claim.  Failure to provide the foregoing information could delay verification of your claim or result in rejection of the claim.

If you are acting in a representative capacity on behalf of a Class Member (for example, as an executor, administrator, trustee, or other representative), you must submit evidence of your current authority to act on behalf of that Class Member.  Such evidence would include, for example, letters testamentary, letters of administration, or a copy of the trust documents.

4877-4235-6510

NOTICE REGARDING ELECTRONIC FILES:  Certain claimants with large numbers of transactions may request to, or may be requested to, submit information regarding their transactions in electronic files.  ***All claimants MUST submit a manually signed paper Proof of Claim and Release form listing all their transactions whether or not they also submit electronic copies***.  If you wish to file your claim electronically, you must contact the Claims Administrator at edata@gilardi.com to obtain the required file layout.  No electronic files will be considered to have been properly submitted unless the Claims Administrator issues to the claimant a written acknowledgement of receipt and acceptance of electronically submitted data.

### III.   CLAIM FORM

Use Part II of this form entitled "Holdings in Harman Common Stock" to state the number of shares of Harman common stock you held at the close of business on January 10, 2017.

You must provide copies of broker information or other documentation of your holdings in Harman common stock as attachments to your claim.  If any such documents are not in your possession, please obtain a copy or equivalent documents from your broker because these documents are necessary to prove and process your claim.  Failure to provide this documentation could delay verification of your claim or result in rejection of your claim.

- 3 -

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

*Baum v. Harman Int'l Indus., Inc., et al.*, No. 3:17-cv-00246-RNC

PROOF OF CLAIM AND RELEASE

Must Be Postmarked or Received No Later Than:

December 1, 2022

<u>Please Type or Print</u>

PART I:        CLAIMANT IDENTIFICATION

_____

Beneficial Holder's Name (First, Middle, Last)

_____

Street Address

_____     _____

City                                                               State or Province

_____     _____

Zip Code or Postal Code                                  Country

_____     _____     Individual
Social Security Number or                                                  Corporation/Other
Taxpayer Identification Number

_____     _____

Area Code                      Telephone Number (work)

_____     _____

Area Code                      Telephone Number (home)

_____

Record Holder's Name (if different from beneficial holder listed above)

- 4 -

PART II:      HOLDINGS IN HARMAN COMMON STOCK

      A.      Number of shares of Harman common stock you held at the close of business on January 10, 2017:

           Proof enclosed? _____yes _____no

**YOUR SIGNATURE ON PAGE 10 WILL CONSTITUTE YOUR ACKNOWLEDGMENT OF THE RELEASE DESCRIBED IN PART V BELOW**.

**IV.    SUBMISSION TO JURISDICTION OF COURT AND ACKNOWLEDGMENTS**

I (We) submit this Proof of Claim and Release under the terms of the Stipulation of Settlement described in the Notice.  I (We) also submit to the jurisdiction of the United States District Court for District of Connecticut, with respect to my (our) claim as a Class Member and for purposes of enforcing the release set forth herein.  I (We) further acknowledge that I am (we are) bound by and subject to the terms of any judgment that may be entered in the Litigation.  I (We) agree to furnish additional information to the Claims Administrator to support this claim if requested to do so.  I (We) have not submitted any other claim in connection with the holding of Harman common stock on the Record Date and know of no other person having done so on my (our) behalf.

**V.    RELEASE**

1.    I (We) hereby acknowledge full and complete satisfaction of, and do hereby fully, finally and forever release, relinquish, and discharge each and all of the Released Persons from the Released Claims as provided in the Stipulation of Settlement.

2.    "Related Parties" means, with respect to each Defendant, any and all of their related parties, including, without limitation, any and all of their past or present parents, subsidiaries, affiliates, predecessors, or successors, as well as any and all of its or their current or former officers, directors, employees, associates, members of their immediate families, agents or other persons acting on their behalf, underwriters, insurers, reinsurers, attorneys, advisors, financial advisors, publicists, independent certified public accountants, auditors, accountants, assigns, creditors, administrators, heirs, estates, or legal representatives.

3.    "Released Claims" means any and all claims that have been asserted, could have been asserted, or could be asserted in the future in this Litigation; and any and all claims, actions, potential actions, demands, losses, rights, causes of action, controversies, costs, damages, liabilities, obligations, judgments, suits, matters and issues of any nature for any remedy, known or unknown,

- 6 -

suspected or unsuspected, accrued or unaccrued, whether class, individual, or otherwise, arising under the laws, regulations, or common law of the United States of America, any state or political subdivision thereof, or any foreign country or jurisdiction, in law, in contract, or in equity, and regardless of legal theory, and including claims for indemnification, contribution, or otherwise denominated, that have been asserted, could have been asserted, or could be asserted in the future, by Lead Plaintiff or any Class Member in his, her or its capacity as a purchaser, seller or holder of Harman stock, that have arisen from, could have arisen from, or relate in any manner to, in whole or in part, the allegations, conduct, facts, events, transactions, acts, occurrences, statements, representations, omissions or any other matter related to, or arising out of, the Litigation, the Merger, the Proxy, the public statements, projections and investor presentations referenced in the Amended Complaint, or the purchase, sale, or holding of Harman's common stock at any time during the period from and including January 10, 2017 through and including March 12, 2017. "Released Claims" includes "Unknown Claims" as defined below.  For the avoidance of doubt, nothing in the Stipulation of Settlement is intended to, nor shall it be deemed to, release any claim that the Defendants have against any of Defendants' insurers.

4.      "Released Persons" means each and all of the Defendants and each and all of their Related Parties.

5.      "Settled Defendants' Released Claims" means all actions, claims, debts, demands, liabilities, losses, matters, rights, suits and causes of action of any nature whatsoever, known or unknown, contingent or absolute, mature or immature, discoverable or undiscoverable, whether concealed or hidden, suspected or unsuspected, whether based in law or equity, arising under federal, state, common or foreign law, or any other law, rule or regulation, which now exist or heretofore have existed, that have been or could have been asserted in the Litigation or any forum by the Released Persons or any of them against Lead Plaintiff, Intervening Plaintiff, Class Members, or

- 7 -

Plaintiff's Counsel, that arise out of or relate in any way to the institution, prosecution, or settlement, of the claims against the Released Persons, except for claims related to the enforcement of the Settlement.

6.      "Unknown Claims" means any of the Released Claims which Lead Plaintiff or any Class Member does not know or suspect to exist in such party's favor at the time of the release of the Released Persons, and any of the Settled Defendants' Released Claims that the Released Persons do not know or suspect to exist in his, her or its favor at the time of the release of Lead Plaintiff, each and all of the Class Members and Plaintiff's Counsel, which, if known by such party, might have affected such party's settlement with and release of the Released Persons or Lead Plaintiff, each and all of the Class Members and Lead Plaintiff's counsel, or might have affected such party's decision not to object to this Settlement or seek exclusion.  Unknown Claims include those Released Claims in which some or all of the facts comprising the claim may be suspected, or even undisclosed or hidden.  With respect to any and all Released Claims and the Settled Defendants' Released Claims, upon the Effective Date, Lead Plaintiff and Defendants shall expressly, and each of the Class Members and Released Persons shall be deemed to have, and by operation of the Order and Final Judgment or the Alternative Judgment, if applicable, shall have, expressly waived to the fullest extent permitted by law, the provisions, rights, and benefits of California Civil Code §1542, which provides:

> **A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party**.

In addition, Lead Plaintiff and Defendants shall expressly, and each of the Class Members and Released Persons shall be deemed to have, and by operation of the Order and Final Judgment or the Alternative Judgment, if applicable, shall have expressly waived any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common

- 8 -

law, which is similar, comparable or equivalent to California Civil Code §1542.  Lead Plaintiff, Class Members and the Released Persons may hereafter discover facts in addition to or different from those which such party now knows or believes to be true with respect to the subject matter of the Released Claims and the Settled Defendants' Released Claims, but Lead Plaintiff and Defendants shall expressly, and each Class Member and Released Persons, upon the Effective Date, shall be deemed to have, and by operation of the Order and Final Judgment, or the Alternative Judgment, if applicable, shall have fully, finally, and forever settled and released any and all Released Claims, or the Settled Defendants' Released Claims, as the case may be, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct that is negligent, reckless, intentional, with or without malice, or a breach of any duty, law, or rule, without regard to the subsequent discovery or existence of such different or additional facts, whether or not previously or currently asserted in any action.  Lead Plaintiff and Defendants acknowledge, and the Class Members and Released Persons shall be deemed by operation of the Order and Final Judgment, or the Alternative Judgment, if applicable, to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement of which this release is a part.

7.     This release shall be of no force or effect unless and until the Court approves the Stipulation of Settlement and the Settlement becomes effective on the Effective Date.

8.     I (We) hereby warrant and represent that I (we) have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any claim or matter released pursuant to this release or any other part or portion thereof.

- 9 -

9.      I (We) hereby warrant and represent that I (we) have included information (including supporting documentation) about the number of shares of Harman common stock held by me (us) on the Record Date.

10.     I (We) hereby warrant and represent that I am (we are) not a Defendant or other person excluded from the Class.

11.     I (We) certify that I am (we are) not subject to backup withholding under the provisions of §3406(a)(1)(C) of the Internal Revenue Code.

Note:  If you have been notified by the Internal Revenue Service that you are subject to backup withholding, please strike out the language that you are not subject to backup withholding in the certification above.

I declare under penalty of perjury under the laws of the United States of America that the foregoing information supplied by the undersigned is true and correct.

Executed this _____ day of _____ (Month/Year)

in _____
           (City)                          (State/Country)

_____
(Sign your name here)

_____
(Type or print your name here)

_____
(Capacity of person(s) signing,
*e.g.*, Beneficial Holder,
Executor or Administrator)

**ACCURATE CLAIMS PROCESSING TAKES A
SIGNIFICANT AMOUNT OF TIME.
THANK YOU FOR YOUR PATIENCE.**

Reminder Checklist:

1.      Please sign the above release and declaration.

- 10 -

4877-4235-6510

2.      Remember to attach copies of supporting documentation, if available.

3.      Do not send originals of stock certificates or other documentation as they will not be returned.

4.      Keep a copy of your Proof of Claim and Release form and all supporting documentation for your records.

5.      If you desire an acknowledgment of receipt of your Proof of Claim and Release form, please send it Certified Mail, Return Receipt Requested.

6.      If you move, please send your new address to the address below.

7.      Do not use red pen or highlighter on the Proof of Claim and Release form or supporting documentation.

THIS PROOF OF CLAIM AND RELEASE MUST BE SUBMITTED ONLINE BY DECEMBER 1, 2022, OR, IF MAILED, POSTMARKED NO LATER THAN DECEMBER 1, 2022, ADDRESSED AS FOLLOWS:

*Harman Merger Litigation*
Claims Administrator
c/o Gilardi & Co. LLC
P.O. Box 6177
Novato, CA  94948-6177
www.HarmanMergerLitigation.com

- 11 -

# EXHIBIT A-3

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| PATRICIA B. BAUM, Individually and on Behalf of All Others Similarly Situated, | ) ) ) | No. 3:17-cv-00246-RNC |
| Plaintiff, | ) ) ) | CLASS ACTION |
| vs. | ) ) | SUMMARY NOTICE |
| HARMAN INTERNATIONAL INDUSTRIES, INCORPORATED, et al., | ) ) ) | |
| Defendants. | ) ) ) | |

EXHIBIT A-3

**TO:  ALL PERSONS WHO PURCHASED, SOLD, OR HELD HARMAN INTERNATIONAL INDUSTRIES, INCORPORATED ("HARMAN") COMMON STOCK AT ANY TIME DURING THE PERIOD FROM AND INCLUDING JANUARY 10, 2017, THE RECORD DATE FOR HARMAN'S SPECIAL STOCKHOLDER MEETING REGARDING THE MERGER OF HARMAN INTO SAMSUNG ELECTRONICS CO., LTD. (THE "MERGER"), THROUGH AND INCLUDING MARCH 12, 2017, THE DATE THE MERGER CLOSED**

YOU ARE HEREBY NOTIFIED, pursuant to an Order of the United States District Court for District of Connecticut, that a hearing will be held on November 10, 2022, at 10:00 a.m., before the Honorable Robert N. Chatigny at the United States District Court for the District of Connecticut, Abraham Ribicoff Federal Building, 450 Main Street, Room 228, Hartford, CT 06103, for the purpose of determining: (1) whether the proposed Settlement of the Litigation for $28 million should be approved by the Court as fair, reasonable, and adequate; (2) whether an Order and Final Judgment or an Alternative Judgment (if applicable) should be entered by the Court dismissing the Litigation with prejudice and releasing the Released Claims; (3) whether the Plan of Allocation for the Net Settlement Fund is fair, reasonable, and adequate and should be approved; and (4) whether the application of Lead Counsel for the payment of attorneys' fees and expenses and any award to Lead Plaintiff (if requested) pursuant to 15 U.S.C. §78u-4(a)(4) should be approved.

IF YOU PURCHASED, SOLD, OR HELD HARMAN COMMON STOCK AT ANY TIME DURING THE PERIOD FROM AND INCLUDING JANUARY 10, 2017, THROUGH AND INCLUDING MARCH 12, 2017 (THE "CLASS PERIOD"), YOUR RIGHTS MAY BE AFFECTED BY THE SETTLEMENT OF THIS LITIGATION, INCLUDING THE RELEASE AND EXTINGUISHMENT OF CLAIMS YOU MAY POSSESS RELATING TO YOUR HOLDINGS OF HARMAN COMMON STOCK DURING THE CLASS PERIOD.  If you have not received a detailed Notice of Pendency and Proposed Settlement of Class Action ("Notice") and a copy of the Proof of Claim and Release form, you may obtain copies by writing to *Harman Merger Litigation*, Claims Administrator, c/o Gilardi & Co. LLC, P.O. Box 6177, Novato, CA 94948-6177, or on the Internet at www.HarmanMergerLitigation.com.  If you are a Class Member, in order to

- 1 -

share in the distribution of the Net Settlement Fund, you must submit a Proof of Claim and Release form by mail *(postmarked no later than December 1, 2022)*, or online at www.HarmanMergerLitigation.com *no later than December 1, 2022*, establishing that you are entitled to recovery.

If you purchased, sold, or held Harman common stock at any time during the Class Period and you desire to be excluded from the Class, you must submit a request for exclusion so that it is *received no later than October 20, 2022*, in the manner and form explained in the detailed Notice referred to above. All Class Members who do not timely and validly request exclusion from the Class will be bound by any judgment entered in the Litigation pursuant to the Stipulation of Settlement.

Any objection to the Settlement, the Plan of Allocation, Lead Counsel's request for attorneys' fees and expenses, and Lead Plaintiff's request for time and expenses (if any) must be *received* by *each* of the following recipients *no later than* October 20, 2022:

> CLERK OF THE COURT
> UNITED STATES DISTRICT COURT
> DISTRICT OF CONNECTICUT
> Abraham Ribicoff Federal Building
> 450 Main Street, Suite A012
> Hartford, CT 06103
>
> *Lead Counsel:*
>
> ROBBINS GELLER RUDMAN & DOWD LLP
> David A. Knotts
> 655 West Broadway, Suite 1900
> San Diego, CA 92101
>
> *Counsel for Defendants:*
>
> WACHTELL, LIPTON, ROSEN & KATZ
> Stephen R. DiPrima
> 51 West 52nd Street
> New York, NY 10019

**PLEASE DO NOT CONTACT THE COURT OR THE CLERK'S OFFICE REGARDING THIS NOTICE**.  If you have any questions about the Settlement, you may contact Lead Counsel at the address listed above.

DATED:  July 13, 2022

BY ORDER OF THE COURT
UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

- 3 -