United States District Court
District of Connecticut
FILED AT HARTFORD
November 10, 2022
By_____J. Shafer_____
Deputy Clerk

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| PATRICIA B. BAUM, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>HARMAN INTERNATIONAL INDUSTRIES, INCORPORATED, et al.,<br><br>Defendants. | No. 3:17-cv-00246-RNC<br><br>CLASS ACTION<br><br>[PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE |

This matter came before the Court for hearing pursuant to the Order Preliminarily Approving Settlement and Providing for Notice ("Preliminary Approval Order") dated July 13, 2022, on the application of the Settling Parties for approval of the Settlement set forth in the Stipulation of Settlement dated June 23, 2022 (the "Stipulation"). Due and adequate notice having been given to the Class as required in the Preliminary Approval Order, and the Court having considered all papers filed and proceedings herein and otherwise being fully informed in the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. This Order and Final Judgment ("Order and Final Judgment" or "Judgment") incorporates by reference the definitions in the Stipulation, and all terms used herein shall have the same meanings as set forth in the Stipulation, unless otherwise set forth herein.

2. This Court has jurisdiction over the subject matter of the Litigation and over all Settling Parties to the Litigation, including all Class Members.

3. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby affirms its determinations in the Preliminary Approval Order and finally certifies for purposes of settlement only: (i) a Class defined as all those who purchased, sold or held Harman common stock at any time during the period from and including January 10, 2017, the record date for Harman's special stockholder meeting regarding the merger of Harman into Samsung Electronics Co., Ltd. (the "Merger"), through and including March 12, 2017, the date the Merger closed; (ii) Robbins Geller Rudman & Dowd LLP is certified as Lead Counsel; and (iii) Lead Plaintiff is certified as Class Representative. Excluded from the Class are: (i) Defendants and members of their immediate families; (ii) the officers and directors of Harman at all relevant times and members of their immediate families; (iii) any entity in which Defendants have or had a controlling interest; and (iv) the legal representatives, heirs, successors or assigns of each Defendant and each officer and

director of Harman. Also excluded from the Class are those Persons who properly excluded themselves by timely and validly requesting exclusion from the Class, of which there are none.

4. For purposes of settlement only, the Court hereby affirms its determinations in the Preliminary Approval Order and finds that the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the Class Members are so numerous that joinder of all Class Members in the class action is impracticable; (b) there are questions of law and fact common to the Class which predominate over any individual question; (c) the claims of the Lead Plaintiff are typical of the claims of the Class; (d) Lead Plaintiff and her counsel have fairly and adequately represented and protected the interests of the Class Members; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering: (i) the interests of the Class Members in individually controlling the prosecution of the separate actions, (ii) the extent and nature of any litigation concerning the controversy already commenced by Class Members, (iii) the desirability or undesirability of concentrating the litigation of these claims in this particular forum, and (iv) the difficulties likely to be encountered in the management of the class action.

5. Pursuant to Federal Rule of Civil Procedure 23, this Court hereby approves the Settlement set forth in the Stipulation and finds that said Settlement is, in all respects, fair, reasonable, and adequate to the Class.

6. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court finds that the Settlement is fair, reasonable, and adequate as to each of the Settling Parties, and that the Settlement set forth in the Stipulation is hereby finally approved in all respects, and the Settling Parties are hereby directed to perform its terms.

7. Accordingly, the Court authorizes and directs implementation of the terms and provisions of the Stipulation, as well as the terms and provisions hereof. The Court hereby dismisses

with prejudice and without costs, the Litigation and all claims contained therein and all of the Released Claims as against the Released Persons, except as and to the extent provided in the Stipulation and herein.

8. Upon the Effective Date hereof, and as provided in the Stipulation, Lead Plaintiff, Intervening Plaintiff and each and all of the Class Members, and anyone claiming through or on behalf of any of them, including, but not limited to, their predecessors, agents, representatives, attorneys, affiliates, heirs, executors, administrators, successors, and assigns, shall be deemed to have, and by operation of this Order and Final Judgment shall have, fully, finally, and forever resolved, waived, settled, released, relinquished, discharged, and dismissed with prejudice any and all Released Claims (including, without limitation, Unknown Claims), as well as any claims arising out of, relating to, or in connection with, the defense, settlement, or resolution of the Litigation or the Released Claims, against the Released Persons, regardless of whether such Class Member executes and delivers a Proof of Claim and Release form, except that claims relating to the enforcement of the Settlement shall not be released.

9. Upon the Effective Date hereof, and as provided in the Stipulation, each of the Released Persons shall be deemed to have, and by operation of this Order and Final Judgment shall have, fully, finally, and forever released, relinquished, and discharged Lead Plaintiff, Intervening Plaintiff, each and all of the Class Members, and Plaintiff's Counsel from all Settled Defendants' Released Claims, and shall forever be enjoined from prosecuting such claims, except for claims relating to the enforcement of the Settlement.

10. Upon the Effective Date hereof, Lead Plaintiff, Intervening Plaintiff, each and all of the Class Members, and anyone claiming through or on behalf of any of them, including, but not limited to, their predecessors, agents, representatives, attorneys, affiliates, heirs, executors, administrators, successors, and assigns, are forever barred and enjoined from commencing,

- 3 -

instituting, asserting, maintaining, enforcing, prosecuting, or continuing to prosecute any action or proceeding in any forum (including, but not limited to, any state or federal court of law or equity, any arbitral forum, any tribunal, administrative forum, or the court of any foreign jurisdiction, or any other forum of any kind), any of the Released Claims (including, without limitation, Unknown Claims), as well as any claims arising out of, relating to, or in connection with, the defense, settlement or resolution of the Litigation or the Released Claims, against any or all of the Released Persons, regardless of whether such Class Member executes and delivers a Proof of Claim and Release form, except that claims relating to the enforcement of the Settlement shall not be released.

11.  The terms of the Stipulation and of this Order and Final Judgment shall be forever binding on Lead Plaintiff, Intervening Plaintiff, all other Class Members, and Defendants (regardless of whether or not any individual Class Member submits a Proof of Claim and Release form or seeks or obtains a distribution from the Net Settlement Fund), as well as their respective, heirs, executors, administrators, predecessors, successors, and assigns.

12.  The Escrow Agent shall maintain the Settlement Fund in accordance with the requirements set forth in the Stipulation. No Released Person shall have any liability, obligation, or responsibility whatsoever for the administration of the Settlement or disbursement of the Net Settlement Fund.

13.  Any and all claims, actions, allegations, causes of action, demands, or rights, however denominated and whether presently known or unknown (collectively, "Claims") are hereby permanently barred, extinguished, discharged, satisfied, and unenforceable: (i) to the maximum extent permitted by the Securities Exchange Act of 1934, the Private Securities Litigation Reform Act of 1995 (the "PSLRA") or other applicable law, any claims seeking contribution or indemnification by any Person against any of the Released Persons arising out of or related to any

Released Claim; and (ii) claims for contribution by any Defendant to the extent required by 15 U.S.C. §78u-4(f)(7)(A).

14. The Notice of Pendency and Proposed Settlement of Class Action given to the Class in accordance with the Preliminary Approval Order entered on July 13, 2022 was the best notice practicable under the circumstances, to all Persons entitled to such notice, of those proceedings and of the matters set forth therein, including the proposed Settlement set forth in the Stipulation. Said notice fully satisfied the requirements of Federal Rule of Civil Procedure 23, the requirements of due process, the requirements of the PSLRA, and all other applicable law and rules.

15. Separate orders shall be entered regarding the proposed Plan of Allocation and Lead Counsel's motion for attorneys' fees and expenses as allowed by the Court. Any plan of allocation submitted by Lead Counsel or any order entered regarding any attorneys' fee and expense application shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment.

16. Neither this Order and Final Judgment, the Stipulation, the Supplemental Agreement, nor any of their terms or provisions, nor any of the negotiations, discussions, or proceedings connected thereto, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any of the allegations in the Litigation or of the validity of any Released Claim, or of any wrongdoing or liability of the Released Persons; or (b) is, or shall be deemed to be, or shall be used as an admission of any fault or omission of any Released Person in any statement, release, or written documents issued, filed, or made; or (c) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Released Persons in any civil, criminal, or administrative proceeding in any court, arbitration proceeding, administrative agency, or forum or tribunal in which the Released Persons are or become parties; or (d) is or may be deemed to

be or may be used as an admission or evidence that any claims asserted by Lead Plaintiff were not valid or that the amount recoverable was not greater than the Settlement Amount, in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal. The Released Persons, Lead Plaintiff, Intervening Plaintiff, Class Members, and their respective counsel may file, offer, or otherwise use the Stipulation and/or this Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim. The Settling Parties may file the Stipulation and/or this Judgment in (i) any insurance coverage litigation, or (ii) any proceedings that may be necessary to consummate or enforce the Stipulation, the Settlement, or the Judgment.

17. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing exclusive jurisdiction over: (a) implementation of this Settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; (c) hearing and determining applications for attorneys' fees and expenses and interest in the Litigation; and (d) all Settling Parties hereto for the purpose of construing, enforcing, and administering the Stipulation.

18. The Court finds that during the course of the Litigation, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

19. In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, or the Effective Date does not occur, or in the event that the Settlement Fund, or any portion thereof, is returned to the Defendants as required under the terms of the Stipulation, then this Judgment shall be rendered null and void to the extent provided by and in

accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

20. Without further approval from the Court, the parties are hereby authorized to agree and to adopt such amendments or modifications of the Stipulation or any exhibits attached thereto to effectuate the Settlement that: (i) are not materially inconsistent with this Order and Final Judgment; and (ii) do not materially limit the rights of Class Members in connection with the Settlement. Without further order of the Court, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

21. The Court directs immediate entry of this Judgment by the Clerk of the Court.

IT IS SO ORDERED.

DATED: November 10, 2022

_____
THE HONORABLE ROBERT N. CHATIGNY
UNITED STATES DISTRICT JUDGE